UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICKA GOUDY, JACOB ALEXANDER EDWARDS, AND THE SUCCESSION OF ALEX'SAUNDER EDWARDS | CIVIL ACTION |
| VERSUS | NO: 13-576 |
| WASTE MANAGEMENT OF LOUISIANA, ET AL.. | SECTION: "A" (4) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 57)** filed by Certain Underwriters at Lloyd's, London ("Underwriters"). Plaintiff, Ericka Goudy on behalf her minor son Jacob Alexander Edwards ("Plaintiff") opposes the motion. The motion, noticed for submission on July 2, 2014, is before the Court on the briefs without oral argument.

This wrongful death and survival action arises out of the tragic death of Alex'saunder Edwards. On November 16, 2011, Edwards was working at the Jefferson Parish Landfill operating a Kubota utility vehicle. (Rec. Doc. 1-1, Pet. ¶ 2). The vehicle "mysteriously" overturned while Edwards was working beside an unguarded drainage canal. Edwards was pinned under the vehicle, trapped under the water, and he drowned. (*Id.* ¶¶ 2-3). Plaintiff filed suit in state court against Kubota for manufacturing defects in the vehicle, and against Waste Management of Louisiana, LLC, the operator of the landfill,[1] for the hazards

---

[1] Plaintiff actually sued an entity named Waste Management of Louisiana, Inc. because Plaintiff believed that this entity operated the landfill. Waste Management of Louisiana, LLC, which is a citizen of Texas, answered the suit and admits that it was the operator and therefore the appropriate defendant. (Rec. Doc. 1-1 at p. 17 of 25). Plaintiff has not disputed this contention.

1

associated with the drainage canal. Plaintiff also filed suit against Associated Marine & Industrial Staffing ("AMI"), Edwards' employer.[2] Kubota Tractor Corp. removed the action to this Court.

Movant Underwriters issued a liability policy to AMI and this policy was in effect at the time of Edwards' accident. Plaintiff joined Underwriters asserting that Underwriters provides coverage to AMI and Waste Management for the claims at issue in this case. (Amended Comp, Rec. Doc. 29 ¶ 7).

A trial by jury is scheduled to commence on March 2, 2015. (Rec. Doc. 65).

Via the instant motion Underwriters moves for summary judgment on the issue of coverage. Underwriters contends that its policy contains a Staffing Services Liability endorsement and that this case falls squarely within the ambit of that coverage exclusion.

Coverage A of the Underwriters' Commercial General Liability policy pertains to "bodily injury," which specifically includes death.[3] (Rec. Doc. 57-4 at U-000018, U000059). The policy includes an endorsement for staffing services liability such that coverage does not apply to any damage, injury, or loss arising out of an injury sustained by an "employee" or by a "staffing services worker." (*Id.* at U-000036). A "staffing services worker" is a person who is furnished at any time by or on behalf of the insured to a client of the insured to meet the workload conditions of the client. (*Id.* at U-000038).

Plaintiff does not dispute that Edwards meets the definition of a "staffing services worker" for purposes of the exclusion. Plaintiff argues, however, that the endorsement is

---

[2] On May 22, 2014, the Court denied AMI's motion for summary judgment so that Plaintiff could explore the possibility of whether intentional acts might affect AMI's immunity as an employer. (Rec. Doc. 56).

[3] Plaintiff's argument that the policy does not exclude losses from death is contrary to the clear language of the policy.

undated and therefore there is no basis to establish that the endorsement was actually in effect when the accident occurred. Plaintiff points out that the policy only became effective 37 days prior to the date of Edwards' accident so the endorsement could have been issued after the accident, which would render the exclusion unenforceable vis à vis Plaintiff's claim.

In light of Plaintiff's argument, which is not wholly implausible because endorsements to policies may very well be added after a policy is in effect, the Court has examined the copy of the policy that Underwriters submitted with its motion. (Rec. Doc. 57-4). Nothing about the staffing services endorsement itself indicates when it became a part of the policy. The declarations page contains a listing of the various endorsements and the code for the staffing services endorsement is listed. (*Id.* at U-000005). But the issue date on the declarations page is November 16, 2011, which is the date of Edwards' accident. The Stanislaw affidavit that accompanies the policy only confirms that what follows is the complete policy as issued to the insured—not that it constitutes the complete policy that was in effect at the time of the accident. In short, the Court's examination of Underwriters' submission reveals no objective proof of when the staffing services endorsement was added to the policy.

Underwriters' reply to Plaintiff's argument is that Plaintiff offers no evidence to suggest that the endorsement was not in effect at the time of the accident and that Plaintiff is merely speculating. To the contrary, Plaintiff is merely holding Underwriters to its burden of proof. Under both Louisiana and Texas law,[4] the insurer bears the burden of demonstrating that a policy exclusion forecloses coverage. *Great Am. Ins. Co. v. Calli Homes, Inc.*, 236 F. supp. 2d 693, 702 (S.D. Tex. 2002) (*citing Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197

---

[4] Underwriters suggests that Texas law should perhaps apply to its policy. The Court expresses no opinion on that contention but notes that Texas and Louisiana law are consistent on the legal principles applicable to the instant motion.

F.3d 720, 723 (5th Cir. 1999)); *Veuleman v. Mustang Homes, LLC*, 110 So. 3d 572 (La. 2013) (*citing Blackburn v. Nat'l Union Fire Ins. Co.*, 784 So. 2d 637, 641 (La. 2001) (recognizing that insurer has the sole burden of proof on an exclusion). Thus, it is Underwriters' burden to establish that the exclusion upon which it intends to rely to deny coverage was in effect at the time of the accident. Underwriters has not met that burden.

Underwriters also points out that even without the staffing services endorsement there is no coverage because the main body of the policy excludes coverage to employees. According to Underwriters, the Workers' Compensation settlement unequivocally establishes that Edwards' accident falls within that exclusion.

Underwriters' fails to recognize that its policy has an express definition for the term "employee" and that term is what governs the analysis. The policy defines an "employee" as a person on the insured's regular payroll with taxes withheld, *whose labor and service is engaged by and directed by the named insured*. (Rec. Doc. 57-4 at U-000060). Given that Edwards' labor and service was supposedly being directed by Waste Management in Jefferson Parish, Louisiana, and not the named insured in Texas (AMI) (Rec. Doc. 49-6, Tatum affidavit ¶ 4), the Court questions how this particular exclusion can apply.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 57)** filed by Certain Underwriters at Lloyd's, London is **DENIED**.

July 18, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4