UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERICKA GOUDY, JACOB ALEXANDER         CIVIL ACTION
EDWARDS, AND THE SUCCESSION
OF ALEX'SAUNDER EDWARDS

VERSUS                                 NO: 13-576

WASTE MANAGEMENT OF                    SECTION: "A" (4)
LOUISIANA, ET AL..

## ORDER AND REASONS

Before the Court is a **Second Motion for Summary Judgment (Rec. Doc. 67)** filed by Certain Underwriters at Lloyd's, London ("Underwriters"). Plaintiff, Ericka Goudy on behalf her minor son Jacob Alexander Edwards ("Plaintiff") has responded by filing a **Motion to Strike Second Affidavit (Rec. Doc. 68)**. The motions, noticed for submission on August 13, 2014 and August 27, 2014, respectively, are before the Court on the briefs without oral argument.

I.     Background

This wrongful death and survival action arises out of the tragic death of Alex'saunder Edwards. On November 16, 2011, Edwards was working at the Jefferson Parish Landfill operating a Kubota utility vehicle. (Rec. Doc. 1-1, Pet. ¶ 2). The vehicle "mysteriously" overturned while Edwards was working beside an unguarded drainage canal. Edwards was pinned under the vehicle, trapped under the water, and he drowned. (*Id.* ¶¶ 2-3). Plaintiff filed suit in state court against Kubota for manufacturing defects in the vehicle, and against Waste Management of Louisiana, LLC, the operator of the landfill,[1] for the hazards

---

[1] Plaintiff actually sued an entity named Waste Management of Louisiana, Inc. because Plaintiff believed that this entity operated the landfill. Waste Management of Louisiana, LLC,

1

associated with the drainage canal. Plaintiff also filed suit against Associated Marine & Industrial Staffing ("AMI"), Edwards' employer.[2] Kubota Tractor Corp. removed the action to this Court.

Movant Underwriters issued a liability policy to AMI and this policy was in effect at the time of Edwards' accident. Plaintiff joined Underwriters asserting that Underwriters provides coverage to AMI and Waste Management for the claims at issue in this case. (Amended Comp, Rec. Doc. 29 ¶ 7).

On May 13, 2014, Underwriters filed a motion for summary judgment on the issue of coverage contending that its policy contains a Staffing Services Liability endorsement, and that this case falls squarely within the ambit of that coverage exclusion. (Rec. Doc. 57). The Court denied the motion based on the showing made at the time. (Rec. Doc. 66).

Via the instant motion for summary judgment Underwriters once again seeks judgment as a matter of law on the issue of coverage and has supplemented the record in support of its position.

A trial by jury is scheduled to commence on March 2, 2015. (Rec. Doc. 65).

## II.  Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing*

---

which is a citizen of Texas, answered the suit and admits that it was the operator and therefore the appropriate defendant. (Rec. Doc. 1-1 at p. 17 of 25). Plaintiff has not disputed this contention.

[2] On May 22, 2014, the Court denied AMI's motion for summary judgment so that Plaintiff could explore the possibility of whether intentional acts might affect AMI's immunity as an employer. (Rec. Doc. 56).

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Coverage A of the Underwriters' Commercial General Liability policy pertains to "bodily injury," which specifically includes death.[3] (Rec. Doc. 57-4 at U-000018, U000059). The policy includes an endorsement for staffing services liability such that coverage does not apply to any damage, injury, or loss arising out of an injury sustained by an "employee" or by a "staffing services worker."[4] (*Id.* at U-000036). A "staffing services worker" is a person who is furnished at any time by or on behalf of the insured to a client of the insured to meet the workload conditions of the client. (*Id.* at U-000038).

Plaintiff has never disputed—nor could she—that Edwards meets the definition of a "staffing services worker" for purposes of the exclusion. Rather, the basis of Plaintiff's

---

[3] Plaintiff's argument that the policy does not exclude losses from death is contrary to the clear language of the policy.

[4] As the Court explained in its prior ruling, Edwards was not an "employee" as that term is defined in Underwriters' policy. (Rec. Doc. 66, Order and Reasons at 4).

opposition to Underwriter's first motion for summary judgment on coverage was that the record did not establish that the endorsement was actually in effect *when the accident occurred*. The Court agreed and pointed out that "examination of Underwriters' submission reveals no objective proof of when the staffing services endorsement was added to the policy." (Rec. Doc. 66, Order and Reasons at 3). In particular, the Court pointed out that contrary to Underwriters' assertion, the affidavit from Peter W. Stanislaw did nothing to support the contention that the staffing services worker endorsement was included with the original policy, and therefore was in effect at the time that Edwards was killed.[5] (Rec. Doc. 57-4, 4/7/14 Affidavit).

Underwriters has now re-urged summary judgment and supplemented the record with a second affidavit from Peter W. Stanislaw (Rec. Doc. 67-4, 7/28/14 Affidavit), which Underwriters asserts establishes that the staffing services worker endorsement was "part of the original policy at inception on October 10, 2011, and that it was in full force and effect at the time of the accident on November 16, 2011." (Rec. Doc. 67, Second MSJ at 2 ¶V). In response, Plaintiff has moved to strike the affidavit on the basis that it is not based on personal knowledge. (Rec. Doc. 68). In response to Plaintiff's motion to strike, Underwriters has submitted a third affidavit to further detail personal knowledge aspect of Stanislaw's assertions. (Rec. Doc. 70-1, 8/18/14 Affidavit).

The Court agrees that the affidavit is objectionable and cannot support judgment as a matter of law in favor of Underwriters but not because of the personal knowledge aspect of

---

[5] Underwriters points out that even though the endorsement itself contains no date, it has a notation on it that confirms that it was in effect from the date of inception. (Rec. Dc. 67-1, Memo in Support at 2). Underwriters' reliance on this point fails to appreciate that an exclusionary endorsement added after coverage has attached, *i.e.*, after Edwards was killed, cannot retroactively alter the policy. Thus, the boilerplate retroactivity notation on the endorsement is of little use in determining whether the endorsement was in effect when the accident occurred.

4

the affidavit. The two important dates in Stanislaw's affidavit are the policy's effective date and the date that Edwards was killed, both of which are incorrect. The policy at issue became effective on 10/10/2011 and the accident occurred on 11/16/2011. (Rec. Doc. 57-4, Declaration Page). The affidavit carries no weight because it erroneously cites two dates in 2010 that are irrelevant to the coverage question.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Second Motion for Summary Judgment (Rec. Doc. 67)** filed by Certain Underwriters at Lloyd's, London is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Second Affidavit (Rec. Doc. 68)** is **DENIED AS MOOT**.

September 2, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE