UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERICKA GOUDY, JACOB ALEXANDER　　　　　　　　　　CIVIL ACTION
EDWARDS, AND THE SUCCESSION
OF ALEX'SAUNDER EDWARDS

VERSUS　　　　　　　　　　　　　　　　　　　　　　　　NO: 13-576

WASTE MANAGEMENT OF　　　　　　　　　　　　　　　SECTION: "A" (4)
LOUISIANA, ET AL..

## ORDER AND REASONS

Before the Court is a **Third Motion for Summary Judgment (Rec. Doc. 75)** filed by Certain Underwriters at Lloyd's, London ("Underwriters"). Plaintiff, Ericka Goudy on behalf her minor son Jacob Alexander Edwards ("Plaintiff") opposes the motion.[1] The motion, noticed for submission on September 24, 2014, is before the Court on the briefs without oral argument.

**I.　Background**

This wrongful death and survival action arises out of the tragic death of Alex'saunder Edwards. On November 16, 2011, Edwards was working at the Jefferson Parish Landfill operating a Kubota utility vehicle. (Rec. Doc. 1-1, Pet. ¶ 2). The vehicle "mysteriously" overturned while Edwards was working beside an unguarded drainage canal. Edwards was pinned under the vehicle, trapped under the water, and he drowned. (*Id.* ¶¶ 2-3). Plaintiff filed suit in state court against Kubota for manufacturing defects in the vehicle, and against

---

[1] The Clerk issued a deficiency notice as to the opposition on September 17, 2014. To date, Plaintiff has not cured the deficiency.

1

Waste Management of Louisiana, LLC, the operator of the landfill,[2] for the hazards associated with the drainage canal. Plaintiff also filed suit against Associated Marine & Industrial Staffing ("AMI"), Edwards' employer.[3] Kubota Tractor Corp. removed the action to this Court.

Movant Underwriters issued a liability policy to AMI and this policy was in effect at the time of Edwards' accident. Plaintiff joined Underwriters asserting that Underwriters provides coverage to AMI and Waste Management for the claims at issue in this case. (Amended Comp, Rec. Doc. 29 ¶ 7).

On May 13, 2014, Underwriters filed a motion for summary judgment on the issue of coverage contending that its policy contains a Staffing Services Liability endorsement, and that this case falls squarely within the ambit of that coverage exclusion. (Rec. Doc. 57). The Court denied the motion based on the showing made at the time. (Rec. Doc. 66). On September 3, 2014, the Court denied a second motion for summary judgment on the issue of coverage in light of errors in the supporting affidavit. (Rec. Doc. 71).

Via the instant motion for summary judgment Underwriters once again seeks judgment as a matter of law on the issue of coverage and has supplemented the record in support of its position.

A trial by jury is scheduled to commence on March 2, 2015. (Rec. Doc. 65).

---

[2] Plaintiff actually sued an entity named Waste Management of Louisiana, Inc. because Plaintiff believed that this entity operated the landfill. Waste Management of Louisiana, LLC, which is a citizen of Texas, answered the suit and admits that it was the operator and therefore the appropriate defendant. (Rec. Doc. 1-1 at p. 17 of 25). Plaintiff has not disputed this contention.

[3] On May 22, 2014, the Court denied AMI's motion for summary judgment so that Plaintiff could explore the possibility of whether intentional acts might affect AMI's immunity as an employer. (Rec. Doc. 56).

## II.     Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court's two prior rulings establish that the only issue preventing summary judgment in Underwriters' favor on the coverage question was the effective date of the "staffing services worker" endorsement exclusion and whether that endorsement was in effect when the accident occurred. The Jeffrey Hicks affidavit satisfies Underwriters' initial burden of proof on summary judgment as to this issue. (Rec. Doc. 75-2). Plaintiff has failed to demonstrate that issues of fact preclude summary judgment.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Third Motion for Summary Judgment (Rec. Doc. 75)** filed by Certain Underwriters at Lloyd's, London is **GRANTED**. Plaintiff's complaint is **DISMISSED** as to this defendant.

October 1, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE